1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ELLIOT, | ) 1:09-cv-1420-OWW-GSA |
| | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PLAINTIFF'S |
| Plaintiff, | ) MOTION TO REMAND |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., and DOES | ) (Document 10) |
| 1 through 100, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

On September 9, 2009, Plaintiff, Steve Elliot, ("Plaintiff") filed the instant Motion to Remand. (Doc. 10).  Wal-Mart Stores, Inc., ("Defendant" or "Wal-Mart") filed an opposition on November 2, 2009. (Doc. 17).  Plaintiff filed a Reply on November 1, 2009.   The court reviewed the pleadings and determined that this matter was suitable for decision without oral argument pursuant to Local Rule 78-230 (c) and (h).  The hearing set for November 20, 2009, at 9:30 am was vacated.  Having considered all written materials submitted, the court recommends that Plaintiff's Motion to Remand be GRANTED.[1]

---

[1] Some Circuit Courts of Appeals have held that motions to remand are dispositive and thus deprive a magistrate judge of jurisdiction. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum. *Williams v. Beemiller, Inc.*, 527 F. 3d 259, 264-266 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-17 (6th Cir.2001) (noting a lack of decisions from other circuits); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir.2000); In re *U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir.1998); *See also*, *Hood Custom Homes v. Illinois National Insurance Co.*, 2009 U.S. Dist. Lexis 46389 (D. Oregon May 26, 2009). The Ninth Circuit has not taken a position on this issue.  Some district courts have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. *See* *Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1419 n. 1 (D.Nev.1995).  Since the present motion

**PROCEDURAL BACKGROUND**

Plaintiff  filed this action against Defendant in the Tulare County Superior Court of California, Visalia Division, Case No. 08-229234, on August 8, 2008.  (Doc. 2). Defendant was served with the complaint on April 13, 2009.  Defendant filed an answer to the complaint on May 13, 2009.  (Doc. 2).  Defendant removed this action to this court pursuant to 28 U.S.C. § 1446(b) on August 12, 2009. (Doc. 2).  Defendant is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.  Plaintiff is a resident of California. The amount in controversy exceeds $75,000.   The Notice of Removal alleged diversity jurisdiction based on 28 U.S.C. § 1332(a)(1).

Plaintiff filed the instant Motion for Remand on September 9, 2009, arguing that removal of this action is untimely pursuant to 28 U.S.C. § 1446(b) because the Notice of Removal was filed more than one year after the filing of the complaint.   Specifically, Plaintiff contends that because the complaint was filed on August 8, 2009, Defendant was required to file a Notice of Removal no later than August 10, 2009.[2]   However, Defendant did not file its Notice of Removal until August 12, 2009.

Conversely, Defendant argues that the Notice of Removal was timely filed because it was filed within one year of service of the Complaint.  Moreover, any delay in filing the Notice of Removal was the result of delays caused by Plaintiff's failure to timely respond to discovery requests.

**FACTUAL BACKGROUND**

The complaint alleges that Plaintiff commenced employment with Wal-Mart in or about August 1992 as a van driver.  Plaintiff alleges that during his employment, he made multiple complaints to management regarding verbal and physical abuse by his coworkers between June 2006 and October 2006.  Plaintiff allegedly suffered work related injuries as a result of this abuse.  As a result, Plaintiff filed a short term disability claim as well as a workman's

_____

involves a determination of the availability of a federal forum, the court will proceed by way of findings and recommendations.

[2] The August 8, 2009 filing deadline was extended until August 10, 2009 because August 8, 2009 fell on a Saturday. Fed. R. Civ. P. 6(a)(3).

2

1    compensation claim.

2           Plaintiff alleges he reported his coworker's abusive conduct to management but Wal-Mart

3    failed to prevent Plaintiff from being retaliated and discriminated against.  Plaintiff alleges he

4    was wrongfully terminated from his employment by Defendant on November 15, 2006, despite

5    having an impeccable service record with the company for more than fourteen years.  Plaintiff

6    contends he was terminated after he made complaints to management regarding his coworker's

7    conduct and subsequent to his filing the disability and workman's compensation claims.

8           Based on the above, Plaintiff alleges causes of action under the California Government

9    Code § 1200 *et seq*. (the California Fair Employment and Housing Act) and the California

10   Constitution Article I, Section 8, for wrongful termination and retaliation, as well as intentional

11   infliction of emotional distress as causes of action.  Plaintiff is seeking lost earnings; deferred

12   compensation; overtime; vacation earned; employment benefits; interest for loss of earnings;

13   deferred compensation and other employee benefits; prejudgement interest on lost wages and

14   benefits; general damages for physical injuries; special damages, including but not limited to,

15   reasonable medical expenses; punitive damages; attorney's fees; and costs of the suit.

16                                          **DISCUSSION**

17           A.     Removal Jurisdiction

18           Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the

19   plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *Ethridge v.*

20   *Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). This case was removed based on

21   diversity jurisdiction, which  provides as follows :

22           Any civil action of which the district courts have original jurisdiction founded on
             a claim or right arising under the Constitution, treaties, or laws of the United
23           States shall be removable without regard to the citizenship or residence of the
             parties.  Any other such action shall be removable only if none of the parties in
24           interest properly joined and served as defendants is a citizen of the State in which
             such action is brought.
25           28 U.S.C. § 1441(b)

26           Generally, a defendant seeking to remove an action to federal court must file a Notice of

27   Removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b).  If

28   the case stated by the initial pleading is not removable, a notice of removal may be filed within

                                                   3

thirty days after receipt by defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may be first ascertained that the case is one

which is or has become removable." *Id.* However, "a case may not be removed on the basis of

[diversity jurisdiction] more than 1 year after commencement of the action." *Id*; *Caterpillar Inc., v. Lewis*, 519 U.S. 61, 75 (1996).

A motion to remand the case on the basis of any defect other than a lack of subject matter

jurisdiction must be made within 30 days after the filing of the Notice of Removal under §

1446(a).  28 U.S.C. § 1447 (c).  Plaintiff filed the Motion to Remand on September 9, 2009, so

the motion is timely.

In this case, Defendant filed the Notice of Removal within thirty days of the receiving

discovery responses to discovery requests, however the Notice of Removal was filed two days

after the one-year deadline.  The Notice of Removal is therefore untimely.  The question

presented is whether the court should excuse this delay.

The Ninth Circuit has held that the one-year limit on removing actions on grounds of

diversity applies only to cases that are not removable by the initial pleading, but are removable

based upon an amended pleading or paper.  *Ritchey v. Upjohn Drug Company*, 139 F. 3d 1313, 1316 -1317 (9th Cir. 1998).  However, it has not addressed the issue of whether the one-year time

limit in §1446(b) may be extended.  The Third and the Fifth Circuits have held that the deadline

may be extended when Plaintiff has not timely filed a Motion to Remand under 28 U.S.C. § 1447(c).  *Ariel Land Owner, Inc., v. Dring*, 351 F. 3d 611, 616 (3rd Cir. 2003) (finding court had

no authority to remand on Defendant's failure to comply with one-year time limited established

by 1446(b) *without* a timely filed motion); *Barnes v. Westinghouse Elec. Corp.*, 962 F. 2d 513, 516 (5th Cir. 1992) (one-year limit of 1446(b) was procedural and therefore waived *if* not timely

asserted under § 1447(c)).  Similarly, the Eleventh Circuit has held that one-year deadline can be

equitably extended when the Plaintiff attempts to manipulate the forum.  *Tedford v. Warner-Lambert Company*, 327 F. 3d 423, 424 (5th Cir. 2003).   However, district courts are split on

whether the one-year filing requirement may be extended based on equitable considerations.

*Compare, e.g.*, *Jenkins v. Sandoz Pharms. Corp.*, 965 F.Supp. 861, 869 (N.D.Miss.1997);

1 | *Russaw v. Voyager Life Ins. Co.*, 921 F.Supp. 723, 724-25 (M.D.Ala.1996); *Martine v. Nat'l Tea*
2 | *Co.*, 841 F.Supp. 1421, 1422 (M.D.La.1993); *Hedges v. Hedges Gauring Serv., Inc.*, 837 F.
3 | Supp. 753, 755 (M.D. La. 1993) ; *Hom v. Service Merchandise Co.*, 727 F. Supp. 1343, 1345
4 | (N.D. Cal., 1990) (Concluding that the plain language of the statute and the legislative history
5 | precludes equitable extensions) *with, e.g.*, *Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962, 963
6 | (S.D.Tex.2001); *Ferguson v. Sec. Life of Denver Ins. Co.*, 996 F.Supp. 597, 601-03
7 | (N.D.Tex.1998); *Kinabrew v. Emco-Wheaton, Inc.*, 936 F.Supp. 351, 353 (M.D.La.1996); *Kite v.*
8 | *Richard Wolf Med. Instruments Corp.*, 761 F.Supp. 597, 600-01 (S.D.Ind.1989) (concluding that
9 | § 1446(b) is subject to equitable exception).

10 |       B.    Commencement of the Action

11 |       Under both California and federal law, an action "commences" when it is filed.  *See* Cal.
12 | Civ. Code § 350; Fed. R. Civ. P. 3. However, defendant argues that many federal courts have
13 | held that commencement of the action refers to the date when the complaint was filed <u>and</u> when
14 | the Plaintiff made a bonafide attempt to serve the summons and complaint.  Although Plaintiff
15 | filed the complaint on August 8, 2008, Defendant was not served until April 13, 2009,
16 | approximately eight months after the case was initiated.  Defendant relies on *Saunders v. Wire*
17 | *Rope Corp.*, 777 F. Supp. 1281, 1282-1285 (E.D. Va. 1991) and *Greer v. Skilcraft*, 704 F. Supp.
18 | 1570, 1582-1583 (N.D. Ala. 1989) in support of its position.

19 |       The court disagrees that the instant case is similar to cases cited by Defendant.  In
20 | *Saunders v. Wire Rope Corp.*, the plaintiff did not serve defendant until more than eleven months
21 | after filing the complaint.  *Saunders v. Wire Rope Corp., 777* F. Supp. at 1282.  Moreover,
22 | complete diversity did not exist at the time of service so removal was not available.  *Id.*  After a
23 | year, the non-diverse defendant was dismissed and the defendant removed the action to federal
24 | court.  *Id.* The court found that removal was not precluded by the one-year filing deadline under
25 | those circumstances.  *Saunders v. Wire Rope Corp., 777* F. Supp. at 1285.

26 |       Similarly, in *Greer v. Skilcraft*, the court found removal was not improper when
27 | Defendant was not served until *more than three years* after the filing of the complaint.  *Greer v.*
28 | *Skilcraft*, 704 F. Supp. at 1583. The court held that the one year limitation period on removal

does not begin to run until the complaint has been filed and there has been a bona fide effort to have it served. _Id._ In so doing the court noted that "[t]o hold otherwise would be to provide the plaintiff the power to prevent removal by manipulation and inaction. The one-year bar was intended to reduce, not encourage delays in case adjudication." _Id._

In the instant case, although Plaintiff waited to serve Defendant for eight months, Wal-Mart still had approximately four months to file the Notice of Removal in order to comply with the one-year filing deadline. Therefore, Plaintiff's delay in service did not effect Wal-Mart's right or ability to timely remove the case. Therefore, the court is not persuaded that the reasoning relied upon in _Saunders_ and _Greer_ is applicable here.

C.    Delay in Discovery Responses

Wal-Mart also argues that it was unable to file the Notice of Removal due to Plaintiff's delay in responding to discovery requests. Wal-Mart contends that after being served with the complaint, it served Plaintiff with discovery requests aimed at determining whether diversity jurisdiction could be established. It also served a request for damages on May 29, 2009. Wal-Mart contends that the statement of damages it received on June 17, 2009, was not responsive. Furthermore, Plaintiff requested four extensions of time to respond to the discovery requests.[3] Wal-Mart states that it did not receive a response to interrogatories until July 17, 2009, which provided the necessary information to ascertain the damage amount.

Defendant relies on _Jackson v. Wal-Mart Stores, Inc._, 588 F. Supp. 2d 1085 (N.D. Cal. 2008) to argue that removal was proper when the plaintiff delayed discovery requests resulting in the defendant filing the Notice of Removal late. The court noted that the one-year deadline was intended to discourage removal after substantial progress in the case had been made in the state court. _Jackson v. Wal-Mart Stores, Inc._, 588 F. Supp. 2d at 1088. In _Jackson_, Plaintiff had not served Defendant with the discovery requests until after the one year deadline had passed. _Id._ Furthermore, the case had not progressed in state court, however, a scheduling conference was held and a referral to a neutral evaluation had been made in the federal proceedings. _Id._ The

---

[3] Plaintiff made requests for extensions on June 4 and 18, 2009, and July 1 and 10, 2009. Wal-Mart agreed to each of the extensions.

1  court found that to bar removal would undermine the purpose of the rule. *Id.*

2       The Defendant's reliance on *Jackson v. Wal-Mart Stores*, *Inc*., in misplaced.  First, unlike

3  the instant case, in *Jackson*, the discovery was not provided to the defendant until after the one-

4  year deadline had passed.  In *Jackson*, significant progress had been made in the federal

5  proceedings. This case is in a different procedural posture since to date, a scheduling conference

6  has not even been held.  Finally, and most importantly, the basis for the court's denial of the

7  motion to remand in *Jackson* was that Plaintiff had not timely filed a motion to remand pursuant

8  to 28 U.S.C. § 1447(c) and had therefore waived any procedural defects in the removal.  *Jackson*

9  *v. Wal-Mart Stores, Inc.*, 588 F. Supp. 2d at 1085.  Here, Plaintiff timely filed the motion to

10  remand so *Jackson* is not applicable.

11       Unlike the cases cited by Defendant, removal was available within the one-year period.

12  Plaintiff served Wal-Mart with the discovery responses on July 17, 2009, and Defendant had

13  twenty four days to serve the Notice of Removal.  Moreover, given that the damages Plaintiff is

14  seeking include lost earnings, deferred compensation, overtime, vacation earned, employment

15  benefits, general damages for physical injuries, reasonable medical expenses, and punitive

16  damages, Wal-Mart was clearly on notice that the amount in controversy would exceed $75,000

17  well in advance of the filing deadline.  Therefore, even if this court were to determine that the

18  one-year time limit in §1446(b) is not mandatory, Defendant has not established that it would be

19  entitled to an equitable extension.

20       The law is clear in the Ninth Circuit that the removal statute should be strictly construed

21  in favor of remand and against removal.  *Ducan v. Stuetzl*, 76 F. 3d 1480, 1485 (9th Cir. 1996);

22  *Gaus v. Miles,* 980 F. 2d 564 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988);

23  *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).  The "strong

24  presumption" against removal jurisdiction means that the defendant always has the burden of

25  establishing that removal is proper.  *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709,

26  712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

27  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

28  instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).  Here,

1 | Defendant had the opportunity to timely filed the Notice of Removal but failed to do so.

2 | Accordingly, Defendant has not met its burden that removal is proper.

3 | **RECOMMENDATION**

4 | Based on the above, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion to

5 | Remand be GRANTED and that this action be REMANDED to the Tulare County Superior

6 | Court of California, Visalia Division for all further proceedings.

7 | This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger,

8 | United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).

9 | Within thirty (30) days after being served with a copy, any party may file written objections with

10 | the court and serve a copy on all parties.  Such a document should be captioned "Objections to

11 | Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate

12 | Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file

13 | objections within the specified time may waive the right to appeal the District Court's order.

14 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 |

16 | IT IS SO ORDERED.

17 | **Dated:** __**November 24, 2009**__                 _____**/s/ Gary S. Austin**_____
UNITED STATES MAGISTRATE JUDGE

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |